ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DEBRA VOLLE, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA VOLLE,<br><br>    Plaintiff,<br><br>vs.<br><br>SKY DELICASIES, A CALIFORNIA CORPORATION DBA CAFE SAN JOSE; MARGARET TUSO; SALVATORE P. TUSO; CHARLES JACK TUSO; MARILYN LOUISE TUSO; STEVE S. TUSO; KANDI L. TUSO, ANNETTE TUSO ELISSAGARAY; FRANK NEMIROFSKY; BEATRICE MARIE NEMIROFSKY,<br><br>    Defendants. | Case No. 25-cv-7825<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 et seq.)<br><br>3. Violations of the California Health and Safety Code, §§19955 et seq.<br><br>4. Violations of the California Disabled Persons Act, § 54 et seq<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

Plaintiff DEBRA VOLLE ("Plaintiff") hereby complains of Defendants SKY DELICASIES, A CALIFORNIA CORPORATION DBA CAFE SAN JOSE; MARGARET TUSO; SALVATORE P. TUSO; CHARLES JACK TUSO; MARILYN LOUISE TUSO; STEVE S. TUSO; KANDI L. TUSO, ANNETTE TUSO ELISSAGARAY; FRANK NEMIROFSKY; BEATRICE MARIE NEMIROFSKY ("Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Cafe San Jose" located at or about: 1583A Meridian Ave, San Jose, CA 95125 ("Restaurant").

2. Plaintiff, a person with significant mobility impairments, was denied equal access on multiple occasions including April 4, 2025 and May 12, 2025 because the restroom at the Restaurant was inaccessible to her. The inability to use a restroom on equal terms with other customers is not merely inconvenient but fundamentally denies Plaintiff dignity and independence in accessing a public restaurant.

3. Plaintiff seeks injunctive relief and declaratory relief under the Americans with Disabilities Act and damages under California law. Plaintiff further seeks recovery of reasonable statutory attorney's fees, litigation expenses, and costs under both federal and state law.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is in this

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
2

intradistrict and Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

7. Plaintiff is a person with physical disabilities, as defined by all applicable California and United States laws.

8. Plaintiff is, and at all times relevant here was, a qualified individual with a physical disability. She has been physically disabled for over a decade following multiple back surgeries that resulted in the severing of a nerve. As a consequence, she is substantially limited in her ability to walk and relies on a scooter, walker, and cane for mobility. Plaintiff also possesses a disabled parking placard and resides in San Jose, California.

9. Defendants have at all relevant times been the owners, operators, lessors and/or lessees of the subject business, property, and building at all times relevant to this Complaint.

10. Plaintiff is informed, believes, and thereon alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scope of his or her actual apparent authority pursuant to such agency, or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

11. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

**FACTUAL ALLEGATIONS**

12. Defendants discriminated against Plaintiff because the Restaurant's facilities and policies do not comply with the ADA, the Unruh Act, the California Health and Safety, and the California Disabled Persons Act. Defendants have failed and refuse to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at the Restaurant.

13.     The Restaurant and its facilities, including, but not limited to, its entrances/exits, interior paths of travel, transaction counters, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51 *et seq.*

14.     On information and belief, the Restaurant and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Restaurant's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

15.     Plaintiff dined at the Restaurant on multiple occasions including on April 4, 2025 and May 12, 2025. Plaintiff was denied the ability to use the restroom at the Restaurant during her visits because the customer restroom did not have adequate clear space or turn around space for her mobility scooter.

16.     Before initiating this action, an expert retained by counsel as part of Rule 11 due diligence conducted a pre-filing inspection of the subject premises. While the expert was not able to take detailed measurements of every area, the inspection confirmed that the restroom remained inaccessible to Plaintiff and identified additional barriers. Each of the barriers summarize below directly relates to Plaintiff's disability and her ability to access and use the Restaurant:

    16.1 Exit door handle requires twisting

    16.2 No ADA seating on counter and no equivalent ADA table by counter area

    16.3 Restroom door lock requires twisting

    16.4 WC is less than 17 inches from wall

    16.5 Sink is too low

    16.6 Sink pipes are not protected

    16.7 No clear space in front of WC due to stored items in restroom

      16.8 No turning space in restroom due to stored items

      16.9 Paper towel dispenser out of reach

      16.10   Soap dispenser out of reach

      16.11   Mirror over Sink over 40" high

      16.12   Restroom door fast closing

      16.13   No 5% ADA seating at the interior

      16.14   Grab bar blocked by cabinet

      16.15   Rear grab bar not centered 12/24" in relation to Toilet seat

      16.16   No transfer clear space next to WC

      16.17   Garbage can foot operated and out of reach.

17. Plaintiff regularly drives past the Restaurant while transporting her daughter to and from work. She also enjoys dining at the Restaurant and intends to continue doing so regularly. But she will remain deterred from using the restroom as long as it remains inaccessible to her. Once access is provided, she will use the restroom.

18. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

19. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis after the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

20. Defendants knew, or should have known, that these elements and policies rendered Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make the Restaurant accessible to persons with physical disabilities. To date, however, Defendants refuse to remove those barriers or to provide

1  full and equal access to the Restaurant.

2  21.    As a result of Defendants' actions and failures to act and failure to provide disabled

3  access, Plaintiff suffered a denial of her civil rights, emotional discomfort, and denial of rights to

4  full and equal access to public accommodations, all to her general, special, and statutory

5  damages. On each such denial of access, Plaintiff has encountered barriers to full and equal

6  access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been

7  required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs,

8  pursuant to federal and state law.

9  22.    Plaintiff's goal in this suit is to make the Restaurant fully accessible to persons with

10 mobility disabilities.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. 12101 *et seq.*]**

**(Against all Defendants and each of them)**

23.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

24.    Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as She has impairments that substantially limit one or more major life activities.

25.    Plaintiff has reasonable grounds for believing she will experience discrimination each time he may attempt to access and use the subject facilities.

26.    The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

27.    The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36, *et seq.*

28.    Plaintiff alleges on information and belief that the Restaurant was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements

under Title III of the ADA. Here, Defendants violated the ADA by designing or constructing (or both) Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

29. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

30. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

31. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Residence Inn to individuals with disabilities; (c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Restaurant and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against her on the basis of her disability, thus wrongfully denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA.

32. The ability to use the customer restroom is a basic necessity. Without such access, Plaintiff cannot avail herself of the Restaurant's goods and services on a full and equal basis. The benefits of providing restroom access far outweigh the costs of removing the barriers, which are no greater than the costs of any other essential function of operating a public accommodation.

Accordingly, it is readily achievable to remove these barriers. Indeed, the Department of Justice has identified barriers of this type as presumptively readily achievable to remove, and here, they are in fact readily achievable to remove.

33. Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as she is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

34. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM:**

**VIOLATION OF UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code 51 *et seq.*]**

**(Against all Defendants and each of them)**

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

36. The Restaurant is a business establishment under the Unruh Act. Defendants are the owners and operators of a business establishment.

37. Defendants violated the Unruh Act by their acts and omissions, as follows:

   a) Failure to construct and/or alter the Restaurant in compliance with state building code and state architectural requirements;

   b) Failure to remove known barriers to access at the Restaurant;

   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Restaurant; and

   d) Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal.

1       Civil Code 51(f).

2  38.    Plaintiff has experienced barriers to access at the Restaurant, all of which have caused her major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

39.    Further, on information and belief, the Restaurant and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

40.    These barriers to access render the Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to Plaintiff.

41.    Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

42.    With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Restaurant. Defendants' discriminatory practices and/or policies deny full enjoyment of the Restaurant to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Thus, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

43.    Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities to Plaintiff.

44.    At all times herein mentioned, Defendants knew, or in the exercise of reasonable

diligence should have known, that their barriers, policies and practices at their facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated persons with disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:

## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

[Cal. Health and Safety Code §§19955 *et seq.*]

(Against all Defendants and each of them)

45. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

46. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

47. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and applies to all public accommodations constructed or altered after that date.

48. On information and belief, substantial portions of the Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public

accommodations after July 1, 1970, thereby requiring the Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

49. Pursuant to the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Restaurant and/or the building(s) occurring after that date. Construction changes occurring before this date but after July 1, 1970, triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

50. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

51. The Restaurant is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

52. As a result of the actions and failure to act by Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### FOURTH CLAIM:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]
### (Against all Defendants and each of them)

53. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

54. The Restaurant is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the California Disabled Persons Act ("DPA"), California Civil Code § 54 *et seq.*

55. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

56. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

57. The DPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

58. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to her disability, including, but not limited to the following:

   a. Failure to construct or alter the Restaurant in compliance with state building code and state architectural requirements;
   b. Failure to remove known barriers to access at the Restaurant;
   c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Restaurant;
   d. Failure to maintain accessible features; and
   e. Violation of the ADA, a violation of which is a violation of the DPA. Cal. Civil

Code § 54.1(d).

2. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction compelling Defendants, in their capacities as the current owners, operators, lessors, and/or lessees of the subject property, premises, and related facilities, to undertake such modifications as are necessary to bring said property, premises, and facilities into compliance with applicable accessibility requirements so as to provide full and equal access to individuals with physical disabilities; and further enjoining Defendants to provide, maintain, and operate said facilities in a condition that ensures ongoing usability by Plaintiff and all similarly situated persons with disabilities, as mandated by law.

2. Retain jurisdiction over the defendants until the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public accommodations as complained of herein no longer occur, and cannot recur;

3. Award to plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under California Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
13

Date: September 12, 2025                                    ALLACCESS LAW GROUP


                                                 */s/ Irene Karbelashvili*
                                                 By IRENE KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 DEBRA VOLLE


## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: September 12, 2025                                    ALLACCESS LAW GROUP


                                                 */s/ Irene Karbelashvili*
                                                 By IRENE KARBELASHVILI, Esq.
                                                 Attorney for Plaintiff
                                                 DEBRA VOLLE